## WHEATLEY *v.* WATSON.

ATKINSON, J. Mrs. Alma Wheatley instituted an action of complaint for land against Noble G. Watson. A verdict was rendered in favor of defendant. The exception is to a judgment refusing a new trial. The plaintiff claimed under a deed from E. R. Fairchild to H. T. Littlejohn and a deed from H. T. Littlejohn to herself. Both deeds were recorded in October, 1911, the former having been executed in 1897 and the latter shortly before and during the month in which the recording took place. It was not denied that Fairchild had formerly owned the property. Concerning the manner in which title went out of him, and the respective claims of plaintiff and defendant to the property, evidence was introduced to the following effect: The deed first mentioned, while reciting a money consideration, was the result of a contract for exchange of land, which H. T. Littlejohn had entered into with Fairchild, in which no money consideration was paid. The former had previously bought from Gaines & Lewis certain land which, without any valuable consideration moving him so to do, he caused to be conveyed by Gaines & Lewis to his wife, Mrs. Martha A. Littlejohn. At his request, as consideration for the property conveyed by Fairchild, Mrs. Littlejohn executed to Fairchild a deed conveying the property received from Gaines & Lewis. Neither Fairchild nor Littlejohn could read or write, and Fairchild thought he was making a deed to Mrs. Littlejohn. The deed was turned over to Mrs. Littlejohn by her husband for record, but, as indicated by the date of its record, there was an omission to record it until 1911. Several years after the execution of the deed Mrs. Littlejohn approached Fairchild and stated that "her first deed was lost and not

recorded," and requested him to execute to her another. In response to such request he executed another deed conveying to her the property in dispute. This deed was executed in 1905 and recorded a few days before the expiration of a year from the date of its execution. Subsequently to the record of such deed Mrs. Littlejohn procured a loan of $500 from Felix Corput, which was evidenced by a promissory note to secure which she executed to him a deed to the land, which deed was duly recorded. Mrs. Littlejohn was indebted to the defendant, and he procured a judgment against her. In order to bring the property to sale under the Civil Code, § 6038, he paid off the debt of Felix Corput, and suit was brought for the amount thereof, and, after judgment, the property was duly sold. The defendant became the purchaser, and received a sheriff's deed under which he entered possession. The plaintiff was the daughter of H. T. Littlejohn by a former marriage, and, although her deed from him purported to be upon a valuable consideration, he testified, without contradiction, that it was a gift. *Held:*

1. Under the facts it was not error to instruct the jury, in effect, that the sole question of fact involved, and controlling in the case, was whether Watson or Corput, or both of them, at the time they obtained title under Mrs. Littlejohn, had notice that there was outstanding title in her husband by virtue of the unrecorded deed, or whether the defendant Watson occupied the position of an innocent purchaser without notice, as against such unrecorded deed.

2. Nor was the charge: "What I meant to say was, if Corput or Watson, or both or either of them, was a purchaser without notice from Mrs. Littlejohn of the existence of the older deed, that they would be protected and Watson ought to recover the property in this case," erroneous on the ground that "This instruction touching competing deeds overlooks the distinction between a voluntary deed and a deed for value."

3. The evidence was sufficient to support the verdict, and none of the grounds of the motion for new trial require a reversal.

*Judgment affirmed. All the Justices concur.*
June 25, 1915. Rehearing denied July 21, 1915.

Complaint for land. Before Judge Wright. Floyd superior court. May 21, 1914.

*Henry Walker,* for plaintiff.

*Lipscomb & Willingham* and *Nathan Harris,* for defendant.